**Herschel COLLINS, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–5089.

United States Court of Appeals, Federal Circuit.

July 2, 2003.

Before MAYER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

*ORDER*

The United States moves to summarily affirm the judgment of the Court of Federal Claims that dismissed Herschel Collins' complaint for lack of jurisdiction. Collins has not responded.

Collins filed a complaint in the Court of Federal Claims, seeking damages due to the alleged actions of various federal judges and the clerk of court of the United States District Court for the District of Connecticut. The Court of Federal Claims dismissed the complaint for lack of jurisdiction, noting that Collins was essentially seeking review of the district court's treatment of his case and that the Court of Federal Claims had no jurisdiction to review the district court's actions. Collins appealed.

The United States argues that the Court of Federal Claims' judgment should be summarily affirmed. We agree. Summary disposition of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir. 1994).* In the present case, it is clear that summary disposition is warranted. The Court of Federal Claims does not have jurisdiction to review the actions of a district court. *Boise Cascade Corporation v. United States*, 296 F.3d 1339, 1344 (Fed. Cir.2002). Thus, Collins' complaint falls outside of the jurisdiction of that court.

Accordingly,

IT IS ORDERED THAT:

---

* We note that the United States failed to cite to *Joshua*, which governs the standard for summarily affirming a decision in this court. Instead, the United States relied on *Livingston v. Derwinski*, 959 F.2d 224 (Fed.Cir.1992), which concerns this court's limited jurisdiction to review decisions of the Court of Appeals for Veterans Claims.

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.